POKRANDT and another, Appellants, vs. SLETTEN, Respondent.

*October 10—November 14, 1944.*

For the appellants there was a brief by *Gordon, Law, Brody, Johns & Roraff* of La Crosse, and oral argument by *Leonard Roraff.*

*Otto M. Schlabach* of La Crosse, for the respondent.

WICKHEM, J.   The Gateway City Bank at La Crosse was taken over as an insolvent bank for the purposes of liquidation by the banking commission in October, 1933.   Defendant, Sletten, was a director of the bank.   Among the assets was a promissory note executed under seal in the amount of $1,204.32, dated June 29, 1931, due in thirty days from date, and purporting to be made by "Joseph Stuber Company, pr. Andrew Sletten."   This note was sold with other assets of the bank by the banking commission and purchased by plaintiffs who make no claim to be holders in due course.

The circumstances concerning the making of the note, which are the bases of the defense here, are as follows:  Prior to its being taken over by the banking commission, the bank had been a creditor of the Verhulst Mercantile Company which was adjudicated a bankrupt and defendant, Sletten, appointed trustee.   As trustee defendant operated the store through Stuber as manager.   Subsequently Sletten reported to the bankruptcy court that the operation had not been successful and that the assets should be sold.   He recommended the sale of the assets to Stuber and the store assets were so sold pursuant to defendant's recommendation.   Defendant offered to show that the bank was the actual purchaser of the

assets from the bankruptcy court; that neither Sletten nor Stuber had any interest in the store; that Sletten merely supervised the store as a director of the bank; that it was necessary to purchase merchandise for the store and that the bank would advance money to pay for the merchandise and a note would be signed "Joseph Stuber Company, pr. Andrew Sletten," for the purpose of earmarking the money and identifying the account. It appears that there never was such a business institution as the Joseph Stuber Company. The note was carried on the books of the bank as a "Notes Receivable" and so inventoried by the banking commission down to the date of the sale to plaintiffs. The note was sold to plaintiffs for the sum of $35. There was testimony to the effect that it was expressly understood that there was to be no liability on the note on the part of either Stuber or Sletten. It is conceded that Sletten is a man of considerable means and able to respond to a judgment for the amount of the note.

The contentions of the plaintiffs are that the trial court erred, (1) in holding that the note was without consideration; and (2) in holding that the transaction was not against public policy and hence not subject to the doctrine of such cases as *Farmers & Merchants State Bank v. Perry,* 186 Wis. 93, 202 N. W. 179, and *Schwenker v. Teasdale,* 206 Wis. 275, 239 N. W. 434; (3) in ruling that plaintiffs were barred from recovery by reason of laches although the period of the statute of limitations had not run upon the note.

Plaintiffs' principal contention is that defendant was a party to creating the appearance of a liability to the bank in the form of a promissory note which was to be carried as an apparent asset and should not now be permitted to claim that there was in fact no consideration for the obligation or that there was an understanding that the note was never to result in liability.

Reliance is had upon the *Farmers & Merchants State Bank Case* and the *Schwenker Case* above cited. In each of these

cases the note was negotiated by an officer of the bank who, because of his personal interest in the transaction, did not affect the bank with knowledge of the conditions to which he orally assented. The bank in each of these cases was for this reason held to be a holder in due course of the note. In each, the effect of the transaction was to put into the bank's portfolio apparently unconditional notes which would be seen by the bank inspectors and would increase the apparent assets and solvency of the bank. It is not clear from the cases whether, had the banks been affected with knowledge and hence not been holders in due course, they could have collected upon these notes. There is some discussion in the cases upon which an argument could reasonably be made that the doctrine of estoppel would apply even though the bank was not a holder in due course and this in order to enforce a public policy of discouraging secret agreements resulting in a false statement of bank assets. What is said in the cases on this point is not necessary to the decisions because it follows a holding that the bank in each case was a holder in due course and obviously it would not be subject to any such defense if it had such a status. We see no occasion to consider the point that such an agreement is contrary to public policy and will not create a defense even against a bank which is not a holder in due course because we do not have a situation here that is in any way analogous to that in the two Wisconsin cases cited.

In this case the bank not only was not a holder in due course but was in fact the owner of the business in whose name the note was executed. It was in fact Joseph Stuber Company and the signature "Joseph Stuber Company, pr. Andrew Sletten" was its signature for the purpose of conducting this business. There is no evidence that its purpose in so operating was to falsely represent its financial condition or that such was its effect. It had the assets constituting the business, including the merchandise which the note was given to pay for. It elected to state this asset in the form of a note rather than

in the form of an inventory. As a matter of bookkeeping the showing of assets would be the same in either case.

Hence, it is our conclusion that defendant is not really seeking to set up a secret condition to a note made by him. What he shows is that the signature was that of the bank adopted for the operation of the mercantile business of which it became the owner in liquidation of the Verhulst Mercantile Company. This is quite a different situation from that involved in the cases cited. The effect of the evidence is to show that the signature is that of the bank and not that of the defendant and that defendant is not the maker of the note.

For the foregoing reasons we consider that the trial court properly disposed of this case, and it is unnecessary to discuss the propriety of the ruling that plaintiffs are barred from recovery by reason of laches although the period of the statute of limitations did not run upon the note.

*By the Court.*—Judgment affirmed.